■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. WILLIAM LAWSON BROWN, Appellant.— Motion for leave to appeal as a poor person will be treated as a motion to dispense with printing. Motion granted. The appeal will be heard on the original papers (including the typed minutes) and on a typewritten brief. The appellant is directed to file five copies of his brief and to serve one copy on the District Attorney. The appellant's time to perfect the appeal is enlarged to the September 1960 Term, beginning September 7, 1960, for which term the appeal is ordered to be placed on the calendar. Motion for assignment of counsel granted. Irving A. Green, Esq., 157 Broadway, Newburgh, New York, is assigned as counsel to prosecute the appeal. Beldock, Acting P. J., Kleinfeld, Christ, Pette and Brennan, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. ALBERTO L. DE LAMELA, Appellant.— On the court's own motion, the decision handed down April 25, 1960 is amended by striking out the last paragraph assigning counsel, and by substituting therefor the following: Raymond L. Wilkes, Esq., 371 Long Beach Road, Oceanside, New York, is assigned as counsel to prosecute the appeal. Nolan, P. J., Beldock, Christ, Pette and Brennan, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. WILLIAM LESTER, Appellant.— Motion by defendant for leave to dispense with printing and to prosecute on the original or typewritten papers his appeal from an order, dated March 8, 1960, denying, without a hearing, his *coram nobis* application. Motion denied. The judgment of conviction was rendered on February 8, 1946, finding the defendant guilty, after trial, of manslaughter in the first degree and sentencing him to a term of 5 to 10 years. Defendant contends that perjured testimony was used by the District Attorney on the trial and before the Grand Jury. Such contention is not ground for vacating the judgment on a *coram nobis* application, especially since defendant concedes that, at the request of both the Assistant District Attorney and defense counsel, the perjured testimony was stricken from the record. There was no appeal from the judgment of conviction. Defendant also contends that his counsel, who was retained by him and not assigned by the court, was incompetent. However, no showing whatever is made that the judgment might properly be set aside on a *coram nobis* application because of the incompetence of counsel (see, e.g., *People* v. *Brown,* 7 N Y 2d 359; *People* v. *Tomaselli,* 7 N Y 2d 350; *People* v. *Lee,* 4 A D 2d 770, affd. 4 N Y 2d 843). Absent an indication that counsel, even if assigned by the court, was unfit to defend the accused or that the representation was such as to make the trial a farce and a mockery of justice, a judgment of conviction may not be vacated on a claim that counsel was incompetent (*People* v. *Brown, supra*; *People* v. *Lee, supra*). After an examination of the papers submitted on this motion and of the original papers submitted on the application, it is our opinion that no showing has been made that there might be merit in the appeal. Beldock, Acting P. J., Ughetta, Christ, Pette and Brennan, JJ., concur.